UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO, | Case No.  1:26-cv-01426-HBK (PC) |
| Plaintiff, | ORDER DIRECTING DEFENDANT TO SUBMIT STATE COURT RECORD TO INCLUDE SERVICE FORMS |
| v. | |
| BERNARDO SUAZO, O' BRIAN BAILEY, AND RUBEN MARTINEZ, | TWENTY-ONE DAY DEADLINE |
| Defendants. | |

Pending is Plaintiff's construed motion to remand this action to state court, filed March 9, 2026, and supplemented March 12, 2026. (Docs. 4, 6).  Defendants Suazo, Bailey, and Martinez filed an opposition on April 2, 2026. (Doc. 7).  Plaintiff did not file a reply.

Plaintiff commenced this action on December 15, 2025, in Madera County Superior Court as *Bazzo v. Bailey, et al.*, Case No. MCV097475. (Doc. 2 at 2).  On February 27, 2026, Defendants removed the action to this Court, asserting federal question jurisdiction. (Doc. 1). The Notice of Removal states that removal is timely because it was filed within thirty days of Valley State Prison's receipt of the Complaint and summons. (Doc. 1 at 3).  Defendants attached the Complaint and exhibits, and later a single summons, but did not include all "process, pleadings, and orders" from the state court as required by 28 U.S.C. § 1446(a).  (Doc. 2).  The omission of proof of service is a de minimis, curable defect that does not, by itself, warrant remand*.; see also Kristek v. Travelers Home & Marine Ins. Co*., 2021 WL 4924748, at *3 (9th

Cir. Oct. 21, 2021) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)).

Plaintiff seeks remand on three grounds: (1) the case "cannot be relitigated" in federal court because he obtained an entry of default in state court; (2) removal was untimely; and (3) the Complaint does not assert any constitutional medical indifference claims and thus presents no federal question.  (Doc. 4 at 1–2; Doc. 6 at 9).  As to timeliness, Plaintiff disputes the date of service alleged in the Notice of Removal and provides inconsistent dates, stating both that Defendants were served by the sheriff on January 28, 2026, after he mailed the documents to legal liaison Humberto Castro on January 3, 2026, and when he mailed the action to Castro on December 15, 2025, with "subsequent" sheriff's service on January 25, 2025.  (Doc. 6 at 5:16–19, 9:8–10).  The Court presumes the reference to January 25, 2025 is a scrivener's error, as it predates the filing of the action.  In opposition, Defendants contend that they were not in default at the time of removal, removal was timely, and the Complaint on its face invokes federal question jurisdiction.  (Doc. 7 at 2–6).

The thirty-day removal period under 28 U.S.C. § 1446(b) runs from the date of formal service of process, not from mere receipt of a complaint absent proper service.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347 (1999).  This Court has authority under 28 U.S.C. § 1448 to determine whether service was proper under California law for purposes of assessing removal timeliness.  *See generally Shah v. Meier Enters., Inc*., 857 F.3d 1019, 1022 (9th Cir. 2017) (affirming district court's determination of the date on which proper service occurred and, consequently, that removal was timely).  On the present record, the Court cannot determine the date of proper service.  The relevant service date is the date on which the sheriff effected service on Defendants, not the date on which Plaintiff mailed documents to a prison legal liaison.  *See Murphy Bros*., 526 U.S. at 347.

To resolve the timeliness issue, the Court requires the state-court proofs of service and any other competent evidence of the date of service.

Accordingly, IT IS ORDERED:

1. Within twenty-one (21) days of the date of this Order, Defendants shall file and serve

supplemental materials including:

- Copies of the proofs of service (Judicial Council form POS-010 or equivalent) filed in the Madera County Superior Court in Case No. MCV097475; and

- Any additional evidence on which they rely to establish the dates and manner of service of the summons and complaint.

2. Plaintiff may file a response to Defendants' supplemental filing within fourteen (14) days after service of the supplemental materials.

Dated:    April 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3