UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK MONACO BAZZO,

Plaintiff,

v.

BERNARDO SUAZO, O' BRIAN BAILEY, AND RUBEN MARTINEZ,

Defendants.

Case No.  1:26-cv-01426-HBK (PC)

ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO REMAND[1]

(Docs. 4, 6)

Pending is Plaintiff's construed motion to remand this action to state superior court, filed March 9, 2025, as supplemented on March 12, 2026.  (Docs. 4, 6).  Defendants filed an opposition on April 2, 2026.  (Doc. 7).  Plaintiff did not file a reply, and the time for doing so has expired.  For the reasons set forth below, the undersigned recommends that the motion to remand be denied.[2]

////

_____

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

[2] A motion to remand is a dispositive motion. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017).  Here, the parties have not returned the consent/decline forms.  Thus, the remand motion requires an order from a district judge.

I.    BACKGROUND

Plaintiff Frank Monaco Bazzo filed this action on December 15, 2025, in Madera County Superior Court as *Bazzo v. Warden Bailey, et al.*, Case No. MCV097475, naming Defendants Warden Bailey, and Correctional Officers Soazo and Martinez.  (Docs. 2 at 2).  On February 27, 2026, Defendants removed the action based on federal question.  (Doc. 1 at 3).  The Notice of Removal states that it is timely because it was filed "within thirty days of the date Valley State Prison received Plaintiff's Complaint and summons."  (*Id.*).  It further states that Valley State Prison received a copy of the Complaint on January 28, 2026, and that the Complaint was not personally served on Defendants.  (*Id.* at 2).  Defendants attach the state complaint, summons, and more than 35 pages of exhibits.[3]  (*See generally* Doc. 2).

Plaintiff seeks remand on three grounds: (1) the case "cannot be relitigated" in federal court because he obtained an entry of default in state court; (2) removal was untimely; and (3) the Complaint does not assert any constitutional medical indifference claims and thus presents no federal question.  (Doc. 4 at 1–2; Doc. 6 at 9).  As to timeliness, Plaintiff disputes the service date alleged in the Notice of Removal and provides inconsistent dates, stating both that Defendants were served by the sheriff on January 28, 2026, after he mailed the documents to legal liaison Humberto Castro on January 3, 2026, and that he mailed the action to Castro on December 15, 2025, with "subsequent" sheriff's service on January 25, 2025.[4]  (Doc. 6 at 5:16–19, 9:8–10).  Defendants respond that they were not in default at the time of removal, that removal was timely, and that the Complaint invokes federal question jurisdiction on its face.  (Doc. 7 at 2–6).

On May 5, 2026, Defendants filed a proof of service of summons reflecting that Castro was served on January 28, 2026.  (Doc. 9 at 4).

////

---

[3] Defendants' "Notice of Removal" omitted copies of process as required by § 1446(a).  (*See* Docs. 1, 2).  The Court finds this is a *de minimis* defect and not alone grounds for remand.  *Kristek v. Travelers Home & Marine Ins. Co.*, 2021 WL 4924748, at *3 (9th Cir. Oct. 21, 2021) (finding failure to include proof of summons served on every defendant with the notice of removal is a "*de minimis* defect" that is curable even after the 30-day removal period has expired) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)).

[4] The Court presumes the January 25, 2025, date is a scrivener's error, as it predates the filing of the action.

II.     APPLICABLE LAW

A defendant may remove a civil action brought in state court to federal court when the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Subject-matter jurisdiction may rest on diversity or federal question.  28 U.S.C. §§ 1331, 1332.  Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question appears on the face of the properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

A defendant must remove the action within 30 days of being properly served with the initial pleading or summons.  28 U.S.C. § 1446(b)(1); *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo*, 635 F.3d 1128, 1133 (9th Cir. 2011) (holding that the 30-day period does not commence if service is not proper).  For multiple defendants, each defendant has 30 days from its own service date.  28 U.S.C. § 1446(b)(2)(B).  A plaintiff may move to remand within 30 days of removal for a procedural defect.  *Id*.; 28 U.S.C. § 1447(c).

The removing party bears the burden of showing removal is proper by a preponderance of the evidence.  *Moore-Thomas v. Ala. Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009).  A motion to remand is the proper vehicle to challenge removal, and doubts are resolved in favor of remand.  *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

III.    ANALYSIS

A.  Default

Plaintiff argues that an entry of default in the state court action renders removal improper because it would constitute re-litigation.  (Doc. 4 at 1).  Defendants respond that they have not received notice that Plaintiff ever filed a request for entry of default with the Superior Court of Madera County and that Plaintiff has not provided any evidence to this Court that he requested entry of default against Defendants.  (Doc. 7 at 3).

There is no evidence in the record that a default was ever entered in the state court action.  Moreover, even if a default had been entered in state court, it would not bar removal to federal court.  *See, e.g., Butner v. Neustadter*, 324 F.2d 783, 787 (9th Cir. 1963) (holding the district

3

court abused its discretion in failing to vacate a state court default judgment upon removal); *Bowman v. Novad Mgmt. Consulting, LLC*, No. 2:23-CV-10363-RGK-RAO, 2024 WL 3050798, at \*3 (C.D. Cal. Jan. 24, 2024) (finding good cause for setting aside state court entry of default upon removal). Thus, Plaintiff's first argument against removal fails.

### B. Timeliness of Removal

The proof of service of summons provided by Defendants shows that Castro[5] was served on January 28, 2026. (Doc. 9 at 4). Thus, the Notice of Removal filed on February 27, 2026, was timely because it occurred on the thirtieth day after service.[6] *See Shin v. Washington Mut. Bank, F.A.*, No. 18-CV-02143-YGR, 2018 WL 3392138, at \*3 (N.D. Cal. July 12, 2018) (holding that notice of removal is timely when filed on thirtieth day after service of summons); *Ewing v. Integrity Cap. Sols., Inc.*, No. 16-CV-1469 JLS MDD, 2017 WL 744517, at \*4 (S.D. Cal. Feb. 27, 2017) (same).

Plaintiff argues that removal was untimely because he mailed the documents to Castro on January 3, 2026, mailed the action to Castro on December 15, 2025, and that the sheriff conducted service on January 25, 2025 (which the Court construed as a scrivener's error intending to say January 25, 2026), (Doc. 6 at 5:16–19, 9:8–10). However, Plaintiff provides no evidence demonstrating that proper service occurred on any of these dates. The only evidence in the record shows that service occurred on January 28, 2026. Accordingly, Defendants have met their burden of showing that removal was timely by a preponderance of the evidence. *See Moore-Thomas*, 553 F.3d at 1244.

////

////

---

[5] While Defendants state their Notice of Removal that they were not personally served, (Doc. 1 at 2), they do not contend in their opposition that service was improper. (*See generally* Doc. 7). Accordingly, the Court does not consider this alternative basis for timeliness of removal.

[6] To compute the thirty-day deadline, the Rules require excluding the day that triggers the period (here, the date of service, January 28, 2026), counting every subsequent day (including weekends and legal holidays), and including the last day unless it falls on a weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(A)–(C). Applying these directives, and excluding January 28, 2026, thirty days from Thursday, January 29, 2026, falls on Friday, February 27, 2026.

4

C.  Federal Question Jurisdiction

The Complaint facially raises claims invoking federal question jurisdiction.  For example, it alleges an Eighth Amendment deliberate indifference claim, stating that Plaintiff told Defendant Martinez that he had a medical necessity, to which Martinez responded that he "did not care." (Doc. 2 at 6).   The caption on the first page of the Complaint also states that Plaintiff is bringing a claim for "deliberate indifference to a medical need." (*Id.* at 2).  In addition, the Complaint expressly invokes the Eighth Amendment in alleging that Plaintiff was placed "in HARM's WAY." (*Id.* at 8).  The Complaint further alleges retaliation for filing a grievance. (*Id.* at 2). This allegation indicates a First Amendment retaliation claim.  Thus, there is a proper jurisdictional basis for removal.

Accordingly, it is hereby ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for purposes of these Findings and Recommendations.

It is further RECOMMENDED:

Plaintiff's construed motion to remand (Docs. 4, 6) be DENIED.

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

5

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    May 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6