FILED

AUG 14 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______
DEPUTY CLERK

Plaintiff's Name Frank Monaco Bazzo
Inmate No. G36808
Address Box 96 Chowchilla,CA 93610

PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK MONACO BAZZO
(Name of Plaintiff)

1-26-cv-01426 HBK (PC)
(Case Number)

vs.

O'BRIAN BAILEY,
BERNARDO SOUAZO,
RUBEN MARTINEZ
J. WELCH
T.JARRET

(Names of all Defendants)

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☒ **42 U.S.C. 1983 (State Prisoner)**

☐ **Bivens Action [403 U.S. 388 (1971)] (Federal Prisoner)**

RECEIVED

AUG 14 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______
DEPUTY CLERK

**I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):**

A. Have you brought any other lawsuits while a prisoner? Yes X No ___

B. If your answer to A is yes, how many? ~~ONE~~ TWO

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff BAZZO v BRAZIL BAZZO v. GATES

Defendants COVID LAWSUIT- BAZZO v.CA -VOLUNTARILY WITHDRWAN

2. Court (if Federal Court, give name of District; if State Court, give name of County)

CENTRAL DISTRICT EASTERN DISTRICT -

3. Docket Number do not have 4. Assigned Judge Hon. R. OLIVER

5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

DISMISSED POST SUMMARY JUDGMENT

6. Filing Date (approx.) 2019-to 2025 7. Disposition Date (approx.) ________________

**II. Exhaustion of Administrative Remedies**

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are required to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes x No______

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes x No______

C. Is the process completed?

Yes x If your answer is yes, briefly explain what happened at each level.

TIME EXHAUSTED - There should be a FIRM LAW THAT COMMANDS CDCR to REMEDY INTRAMURALLY all claims via a justifiable outside panel of penologists not courts

Please not that Bazzo files lawsuits when absolutely necessary to vindicate

his rights,unfortunately non-existent in these citadels called prisons where

employees run amuck. I do not FILE ANY FRIVLOUS SUITS.

No______ If your answer is no, explain why not.

**III. Defendants**

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name ______________________ is employed as ______________________

Current Address/Place of Employment ______________________

B. Name ______________________ is employed as ______________________

Current Address/Place of Employment ______________________

C. Name ______________________ is employed as ______________________

Current Address/Place of Employment ______________________

D. Name ______________________ is employed as ______________________

Current Address/Place of Employment ______________________

E. Name ______________________ is employed as ______________________

Current Address/Place of Employment ______________________

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

1. BRAZIL loss of property on transfer// GATES TOXIC DIET CAUSING ILLNESS//
CALIFORNIA COVID INFECTION

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

Violation of due process-FALSITIES and OMISSIONS By defendants

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

REMAND TO STATE COURT FOR TORT ACTION AND PECUNIARY COMPENSANTION

**I declare under penalty of perjury that the foregoing is true and correct.**

**Date:** 8/8/26 **Signature of Plaintiff:** [signature]

Frank Monaco Bazzo G36808 PRO PER
Box 96,Chowchilla,CA 93610

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

FRANK MONACO BAZZO,

Plaintiff,

vs.

O'BRIAN BAILEY,Warden VSP,
BERNARDO SOUAZO,CO BLDG.1,VSP,
RUBEN MARTINEZ,CO BLDG 1, VSP,
acting under color of law,

Defendants.

//

CASE NO. 1:cv-01426- JTL (PC)

FIRST AMENDED COMPLAINT REMOVAL OF FEDERAL ANCHORS. MOTION TO REMAND TO ORIGINAL COURT

Bazzo apologizes to the court,albeit pursuant Justice KAGAN's decisions regarding a similar case under 28 U.S.C.A § 1367 (c)(3) " sufficiency to merely remove federal anchoes by declaration."

I

Bazzo has been incarcerated at VSP since 2020. The prison is very much aware that Bazzo is under the Amercan Disabilities ACT of 1990 as it was at the time of the incident at bar. Bazzo was 86 years old in 2025,is hearing impaired as well as- at the time - temporarily mobility impaired due to the presentation of a sudden onset of the left scatic nerve compression causing immense pain and diffuse radiculopathy to his left lower limb generating at the level of the lumbar plexus down to the posterior aspect of his left knee,reducing mobility generated by the pain.

Bazzo had requested to be seen by Health Care on 10/22/25 and 10/25/25,since the first request for an acute issue had not been addressed.

II

Bazzo also requests leave to file the amended complaint adding two parties (et als)

1- Plaintiff in his original action named " et al defendants."

2- Since the filing of the complaint Plaintiff has determined that the et als defendants are: Captain J.WELGH,who " classified the RVR without a Section No; T.JARRET,the Supervisor who approved the RVR without considering evidence; in the proposed amended complaint these officials have personally continued the false RVR without any plausible reason and prohibited Bazzo from exercicing his due process rights to defend himself.

3. The court should grant leave freely to amend a complaint adding pertinent defendants. Foman v. Davis 371 S.Ct. 227; Williams v Cargill Inc.,159 F.Supp.2d 984.

In order to save the Honorable Court precious time,Plaintiff herein includes the paragraphs of the complaint that the motion proposes to amend by removing federal anchors

III

PROPOSED AMENDED COMPLAINT.

1. Ruben Martinez is a correctional officer employed at VSP. He is sued in his individual capacity. He is the person who generated the FALSE RVR.

2. Bernardo Souazo is the correctional officer who removed Bazzo from the HONOR/ VETERAN building after 5 years of residency,albeit without authority and BEFORE any due process defense was affected!

3. Warden BAILEY is VSP 's CEO and has all the necessary power vested in him to protect his wards trusted unto him by the public at great expense. Bazzo made BAILEY acutely aware of the stolen J.PAY TABLET containing intellectual property as well as purchased property,AT LEAST-PERSONALLY,ORALLY - on four separate occasions. HE PROMISED TO HELP AND TO INSTRUCT THE RETREIVAL. HE NEVER DID.

4. CAPTAIN WELSH is the de facto "D" YARD CAPTAIN in FULL CHARGE of the entire YARD,to which he is fully responsble. Defendant Welsh is culpable in this case not to intervene howhe classified the RVR without any evidence and omitting the Title 15 Section under which it lies. ( see hearing page 1 OFFENSE DIVISION, BLANK. By doing so he relinquished his supervisory qualified immunity participating in a false RVR that harmed Bazzo )

5. T.JARRET is an unknown to Bazzo as to his personal capacities are at VSP. At discovery it shall be highlighted. He is responsible for APPROVING THE FALSE RVR without FIRST consulting the prison wide AVSS,installed at great expense in order TO AVOID THE VERY ISSUE AT BAR.

6. Plaintiff considers all defendants to be witnesses at trial.

7. The staff personal incursions to the issues are alleged by Bazzo to be inaccurate by eternalizing a false RVRV generated by MARTINEZ; THAT BAZZO HAD DISOBEYED AN ORDER, specifically, to go back to his open dorm,which Bazzo DID, according to the PRISON VIDEO SYSTEM.

8. The action by Spouazo removing Bazzo without anyreason or authority and -in fact- threatening Bazzo if he refused without any need or provocation or-and his own failure to intervene to prevent the misuse of an RVR by Martinez,was done maliciously and not in the interest AND DEMANDS MADE BY HIGHER AUTHORITIES NOT TO EJECT ANYONE FROM THE HONOR VETRAN BUILDING,NOT ONLY BEFORE A HEARING, but MORE SO- because the false RVR DID NOT INVOLVE ANY PHYSICALITY OR VIOLENCE- the ONLY REASON to remove a prisoner from the building.

Defendants' actions and or entropy after been made aware of loss of property, which included AN EXTORTION NOTE of $500 dollars by an inmate sent toBazzo by the recipient of MOSTTof the stolen propert in lieu of payment for drugs,BAZZO SHOWED TO WARDEN BAILEY,sent copies to INTERNAL POLICE,lieutenants,captains and Sgts. TO NO AVAIL. The note was given to Bazzo in front of TWO WITNESSES by INMATE JOHNSON,who not only lived in Building 2,where the property was sold and the recipient also lived there,but also,JOHNSON worked in the Kitchen and READILY AVAILABLE. In fact,as support,a 602 sent by Bazzo was answered with ahwriiten note stating : REFERRED TO SUPERVISORS,agreeing to the receipt.
The abuse suffered by Bazzo and loss of thousands of dollars worth of property cannot be tolerated and remedy is demanded under state law . The due process rights were violated by all defendants under state law.

The pecuniary demand is as follows as shall be asked to a jury to grant:

1. $5,000.for real propert stolen by Morrison contained in Bazzo's locker and allowed plastic bins.

2. $2,500 dollars for loss of music,books,photos,essays dowloaded and installed in Bazzo's JPAY TABLET.

3. $500,000.00 for loss of a 400 plus pages book written by Bazzo over a period of four years in the JPAY TABLET's MICROSOFT WORD- accepted by a literary agent to Penguin.[ first page of book saved via e-mail available for suppopt as well as several pages of written notes]

IV

Bazzo is requesting the court to REMAND the case to state court's jurisdiction for a trial which -hopefully- will create a chilling effect on not repeating such abuses of impotent inmates,as well as RULE and find inconsistent with due process rights. It must be gospel that a state employee must NOT have a right to LIE

or affirmately MISLEAD additional employees -supervisors in the investigations since-here- MARTINEZ may not refer a false story or tell " tall tales" in order to satisfy his own apparent neuroses.

Before CDCR may deprive one of its wards rights to liberty interests as well as protection of property,based on a prisoner's allegations of misconduct- with no apparent remedies resolutions - due process rules must come to pass.

Here,the deprivation of due process is very clear in uselessharm and loss of property. IN FACT- When the hearing was conducted POST PUNISHMENTS,BAZZO WAS FOUND TO BE PREPONDERANTLY NOT GUILTY. TOO LATE.

The chain of events caused by MARTINEZ AND SOUAZO CANNOT BE SWEPT UNDER CDCR'S ample rugAVSS EVIDENCE IS ALL THAT IS NEEDED since there cannot be any dissenting arguments. Here,there are no " talismanic " references to " security " concerns whereby, the responses by employees are so egregiously exagerated adding nothing that might be said by defendants as an affirmative defense.

CONCLUSION

Discovery will conclusively gaslight prison's responsibilities burdened on its employees acting under color of law.

During the Last " MAC MEETING " with VSB supervisors who answered gogent issues posed by inmates,one of the most asked question was the " SB 551 NORMALIZATION MANDATES OF THE BILL."

T.GALLARDO, Associate Warden in charge of Operations,replied:

" We understand that positive engagement between staff and resident is not only the Legislature's GOAL but it is radically important. Normalization has great value,sometimes minimized by " security concerns"[ she did not elaborate ]

The question was: " According to the Bill,life inside this prison should be as close as possible to life outside. " [ The FAILED NORWAY MODEL ] " In light of

of the harsh manner staff is treating inmates,LATELY,the normalization IS NOT HAPPENING AT ALL,within 8 months of its enactment." " ARE THESE NEW REQUIREMENTS incorporated into CDCR's MISSION simply ignored? "
YES THEY ARE.

Respectfully submitted this day of AUGUST 5,2026.

FRANK MONACO BAZZO,Plaintiff pro se.

//

//

//

//

//

//

//

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| NAME: Frank Monaco Bazzo G36808 STATE BAR NUMBER:<br>FIRM NAME: Box 96 Chowchilla,93610<br>STREET ADDRESS:<br>CITY: STATE: ZIP CODE:<br>TELEPHONE NO.: FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): PRO SE | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA<br>STREET ADDRESS: 200 So. G Street Madera Ca 93637<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: Madera CO Courthouse | |
| PLAINTIFF/PETITIONER: Frank Monaco Bazzo<br>DEFENDANT/RESPONDENT: Defendants Bailey, Souazo,Martinez | |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000) [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | CASE NUMBER:<br>MCV097475 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 8/12/26 Time: 8:30 a.m. Dept.: 45 Div.: Room:

Address of court *(if different from the address above):*

[XX] **Notice of Intent to Appear by Telephone, by** *(name):* Noticed on August 6,26 [ Bazzo ]ZOOM

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [XX] This statement is submitted by party *(name):* Plaintiff Bazzo
   b. [ ] This statement is submitted **jointly** by parties *(names):*
2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*
3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*
4. **Description of case**
   a. Type of case in [XX] complaint [ ] cross-complaint *(Describe, including causes of action):*
   Complaint alleges due process violation pursuant Wolff v. McDonnel; Walpole v. Hill prohibiting punishment before due process and punished without a modicum of evidence to support a false RVR by a psycho guard to satisfy due process requirements.

**CM-110**

| PLAINTIFF/PETITIONER: Frank Monaco Bazzo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Defendants Bailey, Souazo, Martinez | MCV097475 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount]; estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Plaintiff alleges that the RVR by Martinez is FALSE per AVSS,alleges that Martinez is a cruel and psychotic guard who LIED in a state document. Plaintiff alleges that SOUAZO- on his own volition punished Bazzo BEFORE due process of a hearing and causa causati of loss of property to a drug addicted person; Bailey was made aware on SEVERAL OCCASIONS but did ZER(

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [XX] a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. [XX] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney: PRO SE BAZZO

b. Firm:

c. Address:

d. Telephone number:

e. Email address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [X] has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [XX] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: ~~Frank Monaco Bazzo~~<br>DEFENDANT/RESPONDENT: Defendants Bailey,Souazo,Martinez | CASE NUMBER:<br>MCV097475 |

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: Frank Monaco Bazzo | CASE NUMBER: MCV o97475] |
|---|---|
| DEFENDANT/RESPONDENT: Defendants Bailey,Souazo.Martinez | |

11. **Insurance**

a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [X] Other *(specify):*

Status: District Court ordered AMENDED COMPLAINT no later than AUGUST 24/26/ Sent in 8/2/26 by legal mail. Amended complaint removed all federal anchors for a state tort case,

13. **Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

14. **Bifurcation**

[XX] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

Plaintiff opposes any bifurcation for any damages which are allowed by statute at jury's discretion. Punitive damages ARE SORELY NEEDED TO CHILL CDCR RUCK ON THE FREEWAY STYLE OF PLOWING TROUGH INMATES LIKE GARBAGE BECAUSE OF THE DELUSION OF IMMUNITY AND MORE SO DEFENSE PRO BONO BY THE PEOPLES' LAWYERS.

15. **Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Plaintiff shall file any opposition or demurrer disingenuously referred to the court mendaciously that Bazzo did not file Gov.Claim which Bazzo did and it is part of the court's exhibits. In addition Bazzo shall file a defamation claim against] Jorge CASANUEVA OR CASANOVA for libel that Bazzo is a "vexatious-frivolous litigant.

16. **Discovery**

a. [XX] The party or parties have completed all discovery. SENT in admissions and interrogatories

b. [XX] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | will amplify discovery For DATA AND FOIA DISCOVERY DOCS | ?? |

c. [XX] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CCPOA DOCUMENTS UNDER FOIA/ E-MAILS and PEACEKEEPER NEWSPAPER ARTICLES.

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | ~~Frank Monac oBazzo~~ | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Defendanta Bailey,Souazo,Martinez | MCV 097745 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

First Amendment filed in district court,case not ripe for jurisdiction.

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ______

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 8/6/26

Frank Monaco Bazzo
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME) ▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



For your protection and privacy, please press the Clear This Form button after you have printed the form.
Print this form | Save this form | Clear this form

(from same facility) to attend. New projection and audio equipment has been purchased. What are your thoughts?

***Response:*** *AW (A) Gallardo stated she didn't receive any concerns from supervisory staff but requested the Council provide a recommendation regarding the procedure staff would need to utilize in denying access to the Incarcerated Persons once the gym capacity is reached. Lieutenant Pratti will contact the Fire Marshall to ascertain the capacity of the gym.*

**FACILITY 'C'**

**Item #1:** Facility 'C' Executive Body is being retaliated against for doing our jobs (i.e. 128A and/or 115 RVR's or threat of RVR's). This is violation of DOM Section 53120.12 "No reprisal at any level or in any form will be tolerated against an M.A.C. or its members for performance of authorized and approved activities."

This issue was raised at the Healthcare Meeting on April 7th, 2026, Heath Care Captain Salas said he would meet with the M.A.C. on 4-8-2026, however this meeting never occurred. **Note:** this issue was placed on the Warden's Agenda. How can we resolve this ongoing issue?

***Response:*** *AW (A) Gallardo took notes and will look into the matter.*

**FACILITY 'D'**

**Item #1:** Effective January 1, 2026, CDCR's Mission has been changed to include *Normalization* and *Dynamic Security*. Pursuant to Senate Bill 551, signed by the Governor on October 1, 2025, the Legislature has defined normalization to mean, "Life inside prison should be as close to life outside of prison as much as possible." Likewise, the definition of dynamic security is given as, "improving the relationship between incarcerated individuals and staff. Improved communication, mentorship, and normalization improves health outcomes for department staff and incarcerated individuals by reducing risks such as violent behavior, recidivism, and stress." Given the fact these principles are now required to be incorporated into CDCR's mission, what, if any discussions and/or decisions have been made to effectuate this? Especially in light of the clear change in the way staff, in general, have been treating the population lately.

***Response:*** *AW (A) Gallardo responded that she understands that positive engagement between staff and residents is important. However, Security is paramount. There have been many recent examples, in the behavior of the population, which showcase this need for safety. Normalization has value, but it cannot come at the expense of maintaining strong security practices.*

**Item #2:** In previous conversations with this office, the council was informed that residents would be able to walk the short distance from work change to the vocational classes nearest to Facility D. Apparently the officers working in the vocational area were never informed of this. In fact, they have gone so far as to create "out of bounds" signs out of wood and posted them at the corner of the Facility D work change. This causes an undue burden for those who are mobility impaired. Also, it makes no sense to have Facility C and Facility D residents walk all the way around—past all the vocational classes and Plant Ops (which would allow for the passing of more contraband than if the resident walks the shortest distance.

***Response:*** *AW (A) Gallardo responded that she spoke with Sgt. McPherson, the Vocational Sergeant, who informed her that since she has been here, nobody ever told the Vocation Patrol officers to allow anyone to walk the short way. Sgt. McPherson informed her that a decision was made that a single direction of travel was the safest route. She did note, however, that those residents with mobility issues should be allowed to walk the short path of travel.*

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P.5;28 U.S.C. §1746)

I, F. M. Dazzo, declare:

I am over 18 years of age and a party to this action. I am a resident of: V.S.P prison, in the county of Madera in the State of California. My Prison is: Box 96 Chowchilla, 93610.

On 8/11/26

I served the attached documents: First Amended Complaint

(Describe Document)

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope. With postage therein fully paid in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Court

and to: AG. Office Attn Jorge Casanueva 1300 I St Sacramento, Ca 95814

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 8/11/26 (Date)

[signature] (Signed)