UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>Plaintiff,<br><br>v.<br><br>BERNARDO SUAZO, O'BRIAN BAILEY, AND RUBEN MARTINEZ,<br><br>Defendants. | Case No.: 1:26-cv-01426-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR A FAILURE TO STATE A CLAIM FOLLOWING SCREENING OF THE FIRST AMENDED COMPLAINT AND TO DENY ANY REQUEST FOR REMAND AS MOOT<br><br><u>14-Day Objection Deadline</u><br><br>ORDER TERMINATING DEFENDANTS' REQUEST FOR SCREENING AS MOOT<br><br>(Doc. 20) |

Plaintiff Frank Monaco Bazzo is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

I. RELEVANT BACKGROUND

The Court issued a screening order on July 9, 2026. (Doc. 16.) It determined the complaint failed to state a claim upon which relief could be granted. (*Id.* at 5-10.) Plaintiff was directed to deliver to correctional officer for mailing one of the following: (1) a First Amended Complaint; (2) a "Notice Under Rule 41(a)(1)" to voluntarily dismiss this action; or (3) a "Notice to Stand on Complaint" no later than August 14, 2026. (*Id.* at 10.)

On August 14, 2026, Plaintiff filed a first amended complaint. (Doc. 19.)

II. SCREENING REQUIREMENT

Because Plaintiff commenced this action while incarcerated, the Court must screen the complaint under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id. § 1915A(b)(1)-(2).

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Evidence of the claim is not required under Rule 8 at the pleading stage. *Berk v. Choy*, 607 U.S. 187, 193 (2026). To survive screening, the Complaint must contain sufficient factual matter to state a claim that is plausible on its face—i.e., facts permitting the reasonable inference that each named defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Allegations that are merely consistent with liability or that amount to "threadbare recitals of the elements" do not suffice. *Iqbal*, 556 U.S. at 678. Courts likewise are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).

At the screening stage, the Court accepts as true the Complaint's factual allegations, construes the pleading liberally, and resolves doubts in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). However, the Court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A claim must have arguable basis in law and fact to proceed. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules permit a plaintiff to assert multiple claims against a single defendant, and to join multiple defendants, but only where the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and share common questions of law or fact.

Fed. R. Civ. P. 18(a), 20(a)(2). Unrelated claims against unrelated defendants may not proceed in a single lawsuit and must be brought, if at all, in a separate lawsuit.

Finally, a pro se litigant must be given leave to amend unless it is clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Leave to amend may be denied for reasons such as undue delay, bad faith or repeated failure to cure deficiencies. *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## III. SUMMARY OF THE FIRST AMENDED COMPLAINT

In the amended civil rights complaint form, Plaintiff names O'Brian Bailey, Bernando Souazo, Ruben Martinez, J. Welch, and T. Jarret as Defendants in the caption. He does not identify their place of employment or positions as prompted under Section III of the form. In Section IV of the form, prompted to identify Claim 1, Plaintiff wrote: "BRAZIL loss of property on transfer// GATES TOXIC DIET CAUSING ILLNESS// CALIFORNIA COVID INFECTION."[1] As "Supporting Facts," Plaintiff wrote: "Violation of due process-FALSITIES and OMISSIONS By defendants." Asked to state the relief he seeks, Plaintiff wrote: "REMAND TO STATE COURT FOR TORT ACTION AND PECUNIARY COMPENSATION."

In an attached, typed document titled "FIRST AMENDED COMPLAINT REMOVAL OF FEDERAL ANCHORS. MOTION TO REMAND TO ORIGINAL COURT," Plaintiff names

---

[1] Neither Brazil nor Gates is named or referenced elsewhere in the first amended complaint. Nor does Plaintiff assert any facts concerning a loss of property "on transfer," toxic food or COVID-19. Therefore, the Court concludes these references to Brazil and Gates were included in error and disregards them. Moreover, it appears the reference to Brazil may involve an earlier filed action by Plaintiff titled *Bazzo v. Brazil*, filed in this Court and assigned case number 1:24-cv-00768-JLT-BAM. That action was dismissed for Plaintiff's failure to state a claim on April 10, 2025. Further, it appears the reference to Gates may concern another earlier filed action titled *Bazzo v. Gates*, also filed in this Court and assigned case number 1:21-01343-KES-CDB. There, judgment was entered for Defendants following summary judgment on July 28, 2025. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of "documents on file in federal or state courts").

the following individuals: O'Brian Bailey, Warden at Valley State Prison; Bernardo Souazo, correctional officer in Building 1 at VSP; and Ruben Martinez, correctional officer in Building 1 at VSP. Subsequently, Plaintiff "requests leave to file the amended complaint adding two parties," identifying J. Welsh, a correctional captain, and T. Jarret, "the Supervisor who approved the RVR …."[2]

Plaintiff states he has been incarcerated at VSP since 2020 and that VSP "is very much aware" that he falls under the Americans with Disabilities Act of 1990. He states he is 86 years old, is hearing impaired and temporarily mobility impaired due to sudden onset left sciatic nerve compression. Plaintiff states he has "requested to be seen by Health Care on 10/22/25 and 10/25/25, since the first request for an acute issue has not been addressed."[3]

In a heading titled "PROPOSED AMENDED COMPLAINT," Plaintiff asserts that Martinez is sued in his individual capacity and is the individual "who generated the false RVR." Plaintiff next asserts that Souazo removed him from the "HONOR/VETERAN building after 5 years of residency" without authority and "BEFORE any due process defense was affected." Plaintiff asserts Bailey is "VSP's CEO and has all the necessary power vested in him to protect his wards trusted unto him by the public at great expense" and that Bailey was "acutely aware" that Plaintiff's stolen JPAY tablet contained intellectual property and purchased property because Plaintiff personally advised Bailey of same verbally on four separate occasions. Plaintiff contends Bailey promised to help but never did. Next, Plaintiff states Welsh "is the de facto" D yard captain in charge of and responsible for the entire yard. Plaintiff contends Welsh is culpable because he failed "to intervene how he classified the RVR without any evidence and omitted the Title 15 Section under which it lies," thus relinquishing "his supervisory qualified immunity …" As concerns Jarret, Plaintiff states "his personal capacities" are unknown to Plaintiff and in "discovery it shall be highlighted." Plaintiff contends Jarret is responsible for approving the false

---

[2] Despite Plaintiff's request for "leave to amend," the Court construes Plaintiff's first amended complaint to name Bailey, Jarret, Martinez, Souazo, and Welch as Defendants in the action.

[3] As will be shown below, Plaintiff does not allege a violation of medical indifference arising under the Eighth Amendment in this action nor does he assert an ADA claim.

RVR without consulting the prison's AVSS system. Plaintiff further asserts that Martinez generated a false RVR for disobeying an order to return to his open dorm, but Plaintiff did return to his dorm as verified by the AVSS. Next, Plaintiff asserts Souazo removed Plaintiff from the Honor Veteran building "without any reason for authority," threatened Plaintiff should he refuse, and failed to intervene "to prevent the misuse of an RVR by Martinez."

Plaintiff alleges the "Defendants' actions and or entropy" concerning Plaintiff's loss of property "which included AN EXTORTION NOTE of $500 dollars" by the inmate who received most of Plaintiff's stolen property "in lieu of payment for drugs" was shown to Bailey and copies were sent to "INTERNAL POLICE, lieutenants, captains and Sgts. TO NO AVAIL." Plaintiff further asserts the extortion note was given to him in front of two witnesses by inmate Johnson; Johnson lived in building 2 "where the property was sold" and worked in the kitchen "and READILY AVAILABLE." Plaintiff asserts that the abuse he suffered and the loss of thousands of dollars of property "cannot be tolerated and remedy is demanded under state law. The due process rights were violated by all defendants under state law."

Plaintiff seeks $5,000 in damages for his property stolen by inmate Morrison, $2,500 for the "loss of music, books, photos, essays downloaded and installed" on his JPAY tablet, and $500,000 for the "loss of a 400 plus pages book" he wrote over a four-year period that was "accepted by a literary agent at Penguin." Plaintiff also asks the Court to remand this action to the state court "for a trial …."

In his conclusion, Plaintiff states discovery "will conclusively gaslight prison's responsibilities burdened on its employees acting under color of law," references a "'MAC MEETING'" and an associate warden's purported response to a question posed by inmates concerning "SB 551 NORMALIZATION MANDATES OF THE BILL," and states "the normalization IS NOT HAPPENING AT ALL …."

Attached to the amended complaint is a completed "Case Management Statement" for an action filed in the Madera County Superior Court bearing case number MCV097475, and page 3 of "Central Services Division Meeting Minutes – April 27, 2026."

IV. APPLICABLE LAW

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 362 (2017). To state a § 1983 claim, a plaintiff must show that a defendant acting under color of state law caused the deprivation of a federal right. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The causation requirement is satisfied by showing either the defendant's personal involvement in the deprivation or a sufficient causal connection between the defendant's supervisory conduct and the deprivation. *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Thus, personal participation is necessary, and the mere presence or generalized involvement is insufficient. *See Jones v. Williams*, 297 F.3d 930, 939 (9th Cir. 2002); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). A supervisor may be held liable only if the supervisor personally participated in the constitutional violation, directed it, or knew of the violation and failed to act to prevent it. *Id.*, *see also Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

V. DISCUSSION

As before, the Court finds Plaintiff fails to state a cognizable claim against any Defendant. Further, it appears that Plaintiff has disregarded the Court's prior screening order as several claims hinge on a purportedly false RVR despite Plaintiff having been advised that an RVR or "false disciplinary report is not, by itself, a constitutional violation." (*See* Doc. 16 at 6.) Further, the Court previously found "the Disciplinary Hearing Results show Plaintiff received due process and was found not guilty, eliminating any cognizable due process injury tied to the RVR." (*Id.* at 7.) Plaintiff was also advised that violating "a prison regulation, including Title 15, does not give rise to a cognizable claim for relief under federal law." (*Id.*) Thus, the original complaint failed to state a cognizable claim "in connection with Martinez's issuance of the RVR." (*Id.*)

/////

/////

<u>Defendants Martinez and Jarret</u>

The amended complaint, for the same reasons, fails to state a claim against Martinez. Plaintiff merely asserts Martinez "is the person who generated the FALSE RVR," nothing more. *Harper v. Costa*, No. CIV S-07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) (recognizing "district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983"), aff'd 393 F. App'x 488 (9th Cir. 2010).

Additionally, Plaintiff's allegation that Jarret is responsible for approving the false RVR without consulting the prison's AVSS system fails on those same grounds. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *see also Ellis v. Foulk*, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in *Wolff v. McDonnell*'") (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges") (citing *Chavira v. Rankin*, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making")); *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d. Cir. 1986)); *Harper*, 2009 WL 1684599, at *2-3.[4]

[4] There are two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that he was

In short, Plaintiff fails to allege a cognizable federal due process claim against Defendants Martinez and Jarret.

Defendant Welsh

Plaintiff's assertion that Welsh failed "to intervene how he classified the RVR without any evidence and omitted the Title 15 Section under which it lies" also fails to state a cognizable due process claim. To the extent Plaintiff's reference to Welsh's "classification" concerns his later removal from the Honor Veteran building, the allegation is insufficient to state a claim. An inmate has no constitutional right to a particular security classification or housing. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (rejecting a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections)). To the extent Plaintiff's assertion involves Welsh's purported failure to intervene as concerns the false RVR, thus violating Title 15, as previously explained, a violation of that regulation does not create a private right of action, including any failure to intervene. *See, e.g.*, *Nible v. Fink*, 828 F. App'x 463, 464 (9th Cir. 2020) (violations of title 15 of the CCR do not create private right of action); *Manzanillo v. Jacquez*, 555 F. App'x 651, 653 (9th Cir. 2014) (ruling that a failure to record an interview with a prisoner in violation of prison policy does not constitute a violation of a federal right); *Richson-Bey v. Watrous*, No. 1:23-cv-01482-JLT-GSA (PC), 2023 WL 3956148, at *12 (E.D. Cal. June 12, 2023) ("There is no independent cause of action under 42 U.S.C § 1983 for a violation of title 15 regulations").[5]

---

not afforded procedural due process in a proceeding concerning a false report. *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns"). Here, the Court finds Plaintiff has alleged no facts against any specific individual to support a finding that the false RVR was filed in retaliation for Plaintiff's exercise of a constitutional right. Plaintiff's vague reference to "a 602 send by Bazzo was answered with a written note stating: REFERRED TO SUPERVISORS, agreeing to the receipt" is nonsensical and wholly insufficient. *Iqbal*, 556 U.S. at 678. And to the extent Plaintiff generally asserts a lack of due process, this Court previously found that found a disciplinary hearing occurred, that "Plaintiff received due process and was found not guilty, eliminating any cognizable due process injury tied to the RVR." (*See* Doc. 16 at 7.)

[5] Nor does his assertion state a claim under California law. *Clark v. Dep't of Corr. & Rehab.*, No. C083051, 2018 WL 564499, at *6 (Cal. Ct. App. Jan. 26, 2018) ("t[h]ere is no implied private right of

Moreover, to the extent Plaintiff claims Welch was the "de facto 'D' YARD CAPTAIN in FULL CHARGE of the entire YARD, to which he is fully responsible," liability does not lie on this theory alone. *Taylor*, 880 F.2d at 1045.

In sum, Plaintiff fails to state a cognizable federal due process claim against Defendant Welch.

<u>Defendant Souazo</u>

As concerns Plaintiff's allegation that Souazo's removal of Plaintiff from the Honor Veteran building in the absence of authority and in violation of due process, it too fails to state a cognizable claim. Plaintiff has no constitutional right to be housed in the Honor Veteran building. *Meachum*, 427 U.S. at 224-25; *Von Villas v. Altschuler*, No. 2:20-cv-2094-KJN P, 2021 WL 1402286, at *3 (E.D. Cal. Apr. 14, 2021) ("It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment"); *Allen v. Calvendra*, No. 1:23-cv-01680-NOD-SKO), 2024 WL 967126, at *8 (E.D. Cal. Mar. 6, 2024) ("Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison"); *see also Merriweather v. Reynolds*, 586 F.Supp.2d 548, 557 (D.S.C. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). Further, to the extent Plaintiff claims Souazo "orally" threatened him if he refused the move from the Honor Veteran building, verbal threats or harassment do not state a claim. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result); *see also, e.g.*, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (allegations of harassment with regards to medical problems not cognizable); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). And, to the extent Plaintiff asserts Souazo failed to intervene to

---

action under title fifteen of the California Code of Regulations") (citations & internal quotation marks omitted).

"prevent the misuse of an RVR by Martinez," as above, this too fails to state a claim upon which relief can be granted. *Nible,* 828 F. App'x at 464; *Manzanillo*, 555 F. App'x at 653; *Richson-Bey*, 2023 WL 3956148, at *12.

In short, Plaintiff fails to state a cognizable federal claim against Defendant Souazo.

Defendant Bailey

Plaintiff's allegations that Bailey is the institution's "CEO" with "all necessary power to protect his wards," who was "acutely aware" that Plaintiff's JPAY tablet had been stolen but failed to take any action despite promising to do so, fails to state a cognizable claim. First, there is no liability based on a respondeat superior theory. Thus, Bailey is not liable for the actions of his subordinates, including his "wards" like inmate Morrison. *Taylor*, 880 F.2d at 1045. Plaintiff does allege personal participation by Bailey by asserting he personally advised Bailey that his stolen JPAY tablet contained intellectual and purchased property and that Bailey promised to assist Plaintiff. But this too is insufficient to state a claim.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). Further, California provides an adequate post-deprivation remedy for unauthorized intentional deprivations and therefore bars pursuit of a due process claim arising out of the unlawful confiscation of personal property.

*Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

First, as noted above, by virtue of his position as warden, Bailey is not responsible for Morrison's theft of Plaintiff's JPAY tablet. Second, even assuming for the sake of argument that a state employee deprived Plaintiff of his JPAY tablet, Plaintiff cannot state an actionable claim because it is plain that the deprivation was unauthorized. *Hudson*, 468 U.S. at 533; *Greene*, 648 F.3d at 1019; *Barnett*, 31 F.3d at 816-17.

<u>Summary of Screening Findings</u>

In short, the Court concludes Plaintiff's first amended complaint fails to state a cognizable federal claim against any named Defendant. Because Plaintiff's first amended complaint is deficient for many of the same reasons as those articulated in the Court's original screening order (Doc. 16 at 5-9) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

Additionally, in the separately typed portion of his first amended complaint, Plaintiff references the purported "removal of federal anchors" and a "motion to remand to original court" (*see* Doc. 19 at 5) and states that a "remedy is demanded under state law" and that his "due process rights were violated under state law" (*id*. at 8). This Court has previously denied Plaintiff's motion to remand following removal, before issuing its first screening order. (*See* Docs. 12 & 15.) Because the undersigned will recommend dismissal of this action for Plaintiff's failure to state a claim, she will also recommend any "motion to remand" asserted in the first amended complaint be denied as moot.

VI. ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS that Defendants' request for screening (Doc. 20) is DENIED as moot.

Further, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED for Plaintiff's failure to state a claim upon which relief

can be granted and no further leave to amend be provided; and

2. Plaintiff's request for remand as asserted in the first amended complaint be DENIED as moot should the assigned district judge adopt these findings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: November 23, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE